J-S20021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ASHLEY MARIE EVANS | : | |
| | : | |
| Appellant | : | No. 1093 MDA 2020 |

Appeal from the PCRA Order Entered July 21, 2020
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0006128-2017,
CP-22-CR-0006163-2017

BEFORE:  NICHOLS, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY KING, J.:                         **FILED JULY 13, 2021**

Appellant, Ashley Marie Evans, appeals *pro se* from the order entered in the Dauphin County Court of Common Pleas, which dismissed her first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We remand the case with instructions.

The relevant facts and procedural history of this case are as follows. Appellant fired several shots at, but did not hit, the victim on September 20, 2017.  Resulting from this incident, the Commonwealth charged Appellant with several offenses on two separate dockets.  On October 30, 2018, following a bench trial, the court convicted Appellant as follows: (1) on docket number 6163 CR 2017, of Criminal Attempt – Criminal Homicide and Firearms not to

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

be Carried Without a License, and (2) on docket number 6128 CR 2017, of Receiving Stolen Property. The court sentenced Appellant on December 18, 2018 to 8-16 years' imprisonment for Criminal Attempt – Criminal Homicide, five years' probation for Firearms not to be Carried Without a License, and two years' probation for Receiving Stolen Property. Appellant did not file any post-sentence motions or a direct appeal.

On November 1, 2019, Appellant timely filed a *pro se* PCRA petition including both docket numbers and alleging ineffective assistance of trial counsel. The court appointed counsel, who filed a motion to withdraw and "no-merit" letter on January 21, 2020, pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). On June 25, 2020, the court granted counsel's motion to withdraw and filed a notice of intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a *pro se* response on July 17, 2020. On July 21, 2020, the court denied PCRA relief.

Appellant subsequently filed a single *pro se* notice of appeal containing both underlying docket numbers.[2] On August 31, 2020, the court ordered

---

[2] Although Appellant's notice of appeal was not docketed until August 24, 2020, it is dated August 18, 2020. Giving Appellant the benefit of the "prisoner mailbox rule," we deem the filing timely. **See Commonwealth v. Chambers**, 35 A.3d 34 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012) (explaining prisoner mailbox rule provides that *pro se*
*(Footnote Continued Next Page)*

Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal; Appellant complied.

Appellant raises two issues for our review:

Did the PCRA court err by dismissing Appellant's PCRA claiming that trial counsel was ineffective representing Appellant due to his "dislike" toward her based on her sexuality[?]  This causing him to fail in defending her according to her Sixth Amendment Due Process [r]ights, therefore[,] violating her 6th Amendment [r]ight to fair representation?

Did the PCRA court err by dismissing Appellant's PCRA petition without an evidentiary hearing because there were factual issues present herein that required resolution before the matter could be dismissed?

(Appellant's Brief at 4) (some capitalization omitted).

As a preliminary matter, we must address Appellant's filing of a single notice of appeal containing more than one docket number.  On June 1, 2018, our Supreme Court held in *Commonwealth v. Walker*, 646 Pa. 456, 185 A.3d 969 (2018) that the common practice of filing a single notice of appeal from an order involving more than one docket will no longer be tolerated, because the practice violates Pa.R.A.P. 341, which requires the filing of "separate appeals from an order that resolves issues arising on more than one docket."  *Walker, supra* at 469, 185 A.3d at 977.  The failure to file separate appeals under these circumstances generally "requires the appellate court to

_____

prisoner's document is deemed filed on date he delivers it to prison authorities for mailing).

- 3 -

quash the appeal." **Id.** Absent extraordinary circumstances such as fraud or some breakdown in the processes of the court, this Court has no jurisdiction to entertain an untimely appeal. **Commonwealth v. Patterson**, 940 A.2d 493 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008).

In **Commonwealth v. Stansbury**, 219 A.3d 157 (Pa.Super. 2019), this Court declined to quash an appeal under **Walker**, where the PCRA court had misinformed the appellant about the manner in which to take an appeal. This Court explained:

> In the case *sub judice*, the PCRA court advised [a]ppellant that he could appeal the dismissal of his PCRA petition by filing within thirty days **a** notice of appeal from its order. The court, still referring to its order that disposed of a PCRA petition pending at two separate docket numbers, again utilized the singular in advising [a]ppellant where to file "Said **notice** of appeal." Order, 1/4/19 (emphasis added). Hence, while **Walker** required that [a]ppellant file separate notices of appeal at each docket number, the PCRA court informed [a]ppellant that he could pursue appellate review by filing a single notice of appeal.
>
> We conclude that such misstatements as to the manner that [a]ppellant could effectuate an appeal from the PCRA court's order amount to a breakdown in the court operations such that we may overlook the defective nature of [a]ppellant's [otherwise] timely notice of appeal rather than quash pursuant to **Walker**.

**Id.** at 160 (internal footnote and brackets omitted) (emphasis in original). **See also Commonwealth v. Larkin**, 235 A.3d 350, 354 (Pa.Super. 2020) (*en banc*), *appeal denied*, ___ Pa. ___, 2021 WL 1185865 (2021) (declining to quash appeal under **Walker** where PCRA court utilized singular language in order informing defendant of appellate rights; stating, "[w]e agree with the

- 4 -

panel in ***Stansbury*** and reaffirm its holding that we may overlook the requirements of ***Walker*** where, as here, a breakdown occurs in the court system, and a defendant is misinformed or misled regarding his appellate rights").

Instantly, the PCRA court denied relief by order entered July 21, 2020. The order listed both underlying criminal docket numbers in the caption. The order states:

> AND NOW, this 21st day of July, 2020, upon independent consideration of the Petition for Post Conviction Collateral Relief submitted by Petitioner on November 1, 2019, and this Court's Notice of Intention to Dismiss the PCRA dated June 25, 2020, said petition is hereby **DISMISSED**.
>
> Petitioner is hereby advised of her right to **appeal this Order** to the Superior Court of Pennsylvania within thirty (30) days from the date of **this Order**. The Clerk of Court is directed to send a copy of this Order to the petitioner by certified mail, return receipt requested.

(Order, filed July 21, 2020) (some emphasis in original omitted) (some emphasis added). Here, the PCRA court misinformed Appellant about the manner in which to take an appeal. The court's instruction for Appellant to "appeal this Order" (which contained both underlying docket numbers in the caption) suggested that Appellant needed to file only one notice of appeal from the PCRA court order pertaining to both docket numbers. The court's misstatement in this regard constitutes a breakdown in the operations of the court such that we may overlook the defective nature of Appellant's otherwise timely notice of appeal. ***See Larkin, supra***; ***Stansbury, supra***. Therefore,

- 5 -

we decline to quash the appeal under *Walker*.

Based on its conclusion that quashal was proper under *Walker*, the PCRA court declined to issue a Rule 1925(a) opinion on the merits in this case. (*See* PCRA Court Opinion, filed October 22, 2020, at 2). Likewise, the Commonwealth's brief does not address Appellant's issues, concluding this Court should quash the appeal under *Walker*. (*See* Commonwealth's Brief at 4). Under these circumstances, the best resolution of this case is to remand for the PCRA court to prepare a supplemental opinion addressing all properly preserved claims. The PCRA court shall have 30 days to prepare its supplemental opinion. After the court certifies its decision and returns the record to this Court, the Prothonotary shall establish a new briefing schedule so that the parties may have an opportunity to respond to the court's supplemental opinion. Accordingly, we remand the case with instructions.

Case remanded with instructions. Panel jurisdiction is **retained**.